In the United States District Court
In and for Delaware

In the Matter of James Arthur Biggins,
Plaintiff/Petitioner,

v.

Thomas L. Carroll, Warden, and the
State of Delaware, et al.,
Defendants/Respondants.

C.A. No. 99-112-GMS
2000 WL 1239992 (D.Del.)

FILED
AUG 23 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Motion for Relief of Judgment

Comes Now, the plaintiff/petitioner James Arthur Biggins, pro se, an incarcerated inmate at the Delaware Correctional Center, Smyrna, Delaware. Who seeks respectfully from this Honorable Court an Order granting relief of judgment under the "catalyst theory" Penny Baumgartner, et al., v. Harrisburg Housing Authority, 21 F.3d 541 (3d Cir. 1994), pursuant to Fed.Civ.Rule of Evidence 60(b)(6).

In support of this instant motion, the following is offered:

1. In 2000, plaintiff/petitioner filed a civil rights action pursuant to 42 U.S.C. §1983. See Biggins v. Snyder, 2000 WL 1239992 (D.Del.). Thomas L. Carroll, has since taken Robert M. Snyder's position as Warden.

2. On August 24, 2000, this court dismissed that complaint in its entirety as failing to state a claim which relief could be granted. See case law slip.p. #3 (attached hereto).

3. The plaintiff/petitioner contend that as a matter of law. Its previous ruling is incorrect for the following reasons:

(A). Trial court misinterpretated plaintiff/petitioner claim as a violation of his 1st Amendment right to free exercise of religion. Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). Based solely on prison officials confiscation of religous material kept in cell.

Plaintiff/petitioner claim is based on the premise of the 1st Amendment entitlement, but on the "infringement or obstruction of the 1st Amendment." Green v. Ferrell, 801 F.2d at 223 (arbitrary restriction of reading materials to one bible without showing a need for such a restriction based on prison security). Whereabout, constitutes interference with a tenet or belief that is central to and mandated by my religion. See, II Timothy 2:15:

"Study to shew yourself approved unto God, a workman that needeth not to be ashamed, rightly dividing the word of truth."

Compare with Madison v. Horn, 1998 WL 531830, at 8 (E.D.Pa. Aug. 21, 1998).

Based on the above facts, without the court having inquired into the defendant's reason for confiscating the items in question served a legitimate penalogical purpose. See, e.g., Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). The court cannot say that claimant claim cannot prevail "beyond a doubt" that would entitle him to relief. Graves v. Lowery, 117 F.3d at 726 (3d Cir. 1997). Wherefore, respectfully it is hereby requested that the court reopen the case as to this claim, and grant to plaintiff/petitioner discovery and amendment of complaint.

(B) Trial court errored in dismissing plaintiff/petitioner claim under 1st Amendment violations to "access to the court's" Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

Pursuant fed civil rules of procedure 60(b)(6) and as applicable to prior settlement agreements and consent orders mandating the defendant's compliance, this court must hold them in "contempt" thereof. See, Dickerson v. Castle, et al., 1989; and Abdul-Akbar v. Watson,                1991, the defendants

bound themselves to maintain certain provision to the incarcerate of at the Delaware Correctional Center as following:

    1. Furnish paper, pencil and pens for law library purposes.

    2. Furnish stamps or postage for all legal mail at state expense.

    3. Furnish all photocopying for legal material free of charge, etc..........

However, as the plaintiff/petitioner complaint alleged, the defendant's had not been doing so, and as of the result, he has suffered financially in the past by having his inmate account frozen for more than three (3) years where prison officials took every penny he made while working, leaving him destitute. As evidence of settlement and decree agreement violations. See, exhibit (A) a memo written to the plaintiff/petitioner regarding legal supplies, from staff paralegal: Maria Lyons. Noting that she indicates that D/W Betty Burris change the policy on January 20, 2009. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999); New England Health Care Employees Pension Fund v. Ernst & Young, LLP, (6th Cir. 2003)(same).

In this instant case the plaintiff/petitioner attempted to show this argument as support by the record recorded in this case citing both Dickerson and Abdul-Akbar, among other material facts to prove his point. And Reynolds is not applicable to deciding this case. Id at 166, 183, citing Lewis v. Casey, 518 U.S. 343 (1996). Moreover, plaintiff/petitioner asserts that the defendant's actions further violate Art. I, §10 of the United States Constitution under "contractual law" practices, pursuant to the ex post facto clause. See, Diamond State Iron Co. v. Husbands, 8 Del. Ch. 205, 68 A. 240 (Ch. 1898); Pusey v. Jones Co. v. Love, 22 Del. 80, 66 A. 1013 (Sup. Ct. 1906); and, Weaver v. Graham, 450 U.S. at 29 (1981).

The plaintiff/petitioner maintains case in light of the fact herein: That there is clear and convincing evidence of the violations at hand, and are not mere technical, but constitutes a failure to obey a court order or settlement/decree obligations in a meaningful way. This court has the right and must as a matter of law and right to plaintiff/petitioner to find the defendant's in contempt. Palmigiano v. DiPrete, 700 F.Supp 1180 (D.R.I. 1988); Ruiz v. McCotter, 661 F.Supp 112 (S.D.Tex. 1986); Inmates of Allegheny County Jail v. Wecht, 874 F.2d 147 (3rd Cir. 1989).

Wherefore, the plaintiff/petitioner respectfully request that, this court upon the facts reopen the case in addition to first cause under Graves, 117 F.3d at 726 (3d Cir. 1997). And grant discovery and amendment of complaint pursuant fed civil rules of procedure; Rules §§§§ 31, 33, 34, and 26(b)(1). The plaintiff/petitioner see's no reason why the defendant's would object to these claims.

Date: August 22, 2007

James Arthur Biggins #319264
Delaware Correctional Center
Smyrna, Delaware 19977

## ORDER

It is So Ordered/Denied this _____ day of _____ 200___. Having reviewed briefs, memorandums and any other additional materials entered by the parties. That:

Ex.A

To:        James Biggins #319264
           MHU Bldg. 23
           B-L-4

From:      Maria Lyons
           Staff Paralegal
           MHU Law Library

Date:      April 27, 2007

Ref:       Law Library Request dated April 23, 2007


In order to receive Legal Supplies from MHU Law Library you will need to show a Court Deadline that will fall before you next Commissary date for non-indigent Inmates or the beginning of the month's distribution day for indigent Inmates. This is per the DCC Memorandum "Outgoing Inmate Mail", dated January 20, 2004 issued by Deputy Warden Elizabeth Burris.

Ex.A

## Certificate of Service

I, James Arthur Biggins, the plaintiff/petitioner in this instant case. Do hereby solmnley sware under penalty of perjury that i have caused service of this Motion for Relief from Judgment to the following parties:

Clerk of the Court
U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, Delaware 19801

Jospeh F. Biden III
Attorney General of Delaware
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

By Placing same in sealed envelopes, and depositing same in the U.S. Mail at the Delaware Correctional Center, Smyrna Delaware 19977

Date: August 22, 2007

James Arthur Biggins #319364
Delaware Corrections Center
Smyrna, Delaware 19977

In The United States District Court
In And For Delaware

| | |
|---|---|
| In The Matter of James Arthur Biggins, Plaintiff/Petitioner, <br><br> V. <br><br> Thomas L. Carroll, Warden, and the State of Delaware, et al., Defendants/Respondents | C.A. No. 99-112-GMS <br><br> 2000 WL 1239992 (D.Del) |

### Notice Of Motion

Please Take Notice that pursuant to Fed. Civ. Rule 60(b)(6) this instant motion for Relief From Judgment, in addition to injunctive and punitive damages will be presented to this court at the earliest convenient time.

Date: August 22, 2007

James Arthur Biggins #219264
Delaware Correctional Center
Smyrna, Delaware 19977

I/M James Arthur Biggins
SBI# 319264  UNIT MHU 20/A L-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Clerk of the Court
United States District Courthouse
Lockbox 18, 844 N. King Street
Wilmington, Delaware
19801