IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 99-112-GMS |
| | ) | |
| WARDEN ROBERT M. SNYDER, et al., | ) | |
| | ) | |

**MEMORANDUM ORDER**

## I. BACKGROUND

The plaintiff, James Arthur Biggins ("Biggins"), who proceeds *pro se,* filed this lawsuit

on March 2, 1999. (D.I. 1.) On August 24, 2000, the court dismissed the case for failure to state

a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 65, 66.) Biggins appealed the dismissal, and

on January 8, 2002, the appeal was dismissed for his failure to timely prosecute. *Biggins v.*

*Snyder,* No. 00-2673 (3d Cir. Jan. 8, 2002). Now before the court is Biggins' motion for relief of

judgment pursuant to Fed. R. Civ. P. 60(b)(6) filed on August 23, 2007. (D.I. 72.)

## II. STANDARD OF REVIEW

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence by which due diligence could not have been discovered in time to move
> for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void; (5) the judgment has been satisfied, released or
> discharged, or a prior judgment upon which it is based  has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from the operation
> of the judgment.

Fed. R. Civ. P. 60(b).

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Biggins relies upon Rule 60(b)(6) - "any other reason justifying relief from the operation of the judgment. " Under the rule, the motion must be made within a reasonable time. *See* Fed. R. Civ. P. 60(b)(6); *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). What constitutes a reasonable time depends upon the circumstances of each case. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959). The court takes into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties in determining reasonableness. *Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988) (citing *Kagan v. Caterpillar Tractor,* 795 F.2d 601, 610 (7th Cir. 1986)) (other citations omitted). The Third Circuit has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.") Finally, Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 Fed. Appx. 935 n.1 (3d Cir. Aug. 16, 2005).

-2-

## III. DISCUSSION

To the extent Biggins asserts cognizable grounds for reopening his 1999 case under Rule 60(b) (6), his claim is a legally frivolous attack on the dismissal order, brought well beyond the bounds of the "reasonable time" requirement.  Biggins appealed dismissal of the case and then filed this motion.  For reasons unknown, he waited until over five years after his appeal was dismissed for his failure to prosecute to file this Rule 60(b)(6) motion.  He provides no reason for his delay in filing the Rule 60(b) motion.  Without compelling justification, such a delay is not reasonable under the rule.  *See Moolenaar v. Government of the Virgin Islands*, 822 F.2d at 1348 (finding 60(b)(6) motion brought almost two years after to be untimely); *Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 913 n.7 (3d Cir. 1977)(reversing grant of 60(b)(6) motion and expressing doubts that reasonable time requirement was met when district court granted motion two and a half years after the disputed order was entered); *Dietsch,* 2 F. Supp. 2d at 633 (finding that 60(b) motion filed more than two years after contested order was not within a reasonable time); *United States v. Real Property Located at 1323 South 10th Street, Philadelphia*, No. 91-5848, 1998 WL 470161, *2 (E.D. Pa. Aug. 11, 1998) (finding four year delay unreasonable).

Reviewing the facts of this case, Biggins' failure to provide any adequate reason for his delay in filing the pending motion, the interest in finality, and prejudice to the defendants, the court finds that Biggins did not file his motion for relief of judgment within a reasonable time as required by Rule 60(b)(6).  Moreover, Biggins has not presented extraordinary circumstances to warrant granting his motion.  *Choi v. Kim*, 258 Fed. Appx. 413,  416 (3d Cir.  2007).  For the above reasons, Biggins' motion for relief of judgment will be denied.

## IV. CONCLUSION

NOW THEREFORE, this ___15th___ day of ___Sept.___, 2008, IT IS

HEREBY ORDERED that the motion for relief of judgment is **DENIED**.  (D.I. 72.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

**F I L E D**

SEP 1 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-4-