IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 99-112 (MN) |
| WARDEN ROBERT M. SNYDER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 14th day of April 2020, having considered Plaintiff's motion to reopen (D.I. 76);

IT IS HEREBY ORDERED that the motion to reopen (D.I. 76) is DENIED for the following reasons:

1. On August 24, 2000, the Court granted Defendants' motion to dismiss and closed the case. (D.I. 65, 66); *Biggins v. Snyder*, 2000 WL 123999 (D. Del. Aug. 24, 2000) (dismissing First Amendment religion claims and access to the courts claims, Eighth Amendment conditions of confinement claims, and Fourteenth Amendment due process claims after Plaintiff was disciplined for disobeying a prison guard's direct order admitted to by Plaintiff). Plaintiff appealed, and the appeal was dismissed for his failure to timely prosecute. (D.I. 67, 71). On August 23, 2007, Plaintiff filed a motion for relief from judgment. (D.I. 72). The motion was denied on September 15, 2008 as untimely and noting that Plaintiff failed to present extraordinary circumstances to warrant granting the motion. (D.I. 73).

2. Recently, on March 10, 2020, Plaintiff filed a motion to reopen the case. (D.I. 76). The filing does not provide a case number. Instead, the case number provided is "Civil Action No. 2001 U.S. Dist. Lexis ID." (D.I. 76). Because Paragraph 1 states, "in March of 1999,

plaintiff filed in the court a § 1983 [action]", the filing was docketed in this case; the only § 1983 case filed by Plaintiff in this Court in March 1999. Plaintiff describes the § 1983 case as one claiming a violation of his speedy trial rights by failing to follow laws involved in properly extraditing him from Maryland and that was dismissed under *Heck v. Humphrey* which prohibits the recovery of damages that calls into question the validity of convictions. The instant case contains no such claims.

3. The only other case filed by Plaintiff in March 1999 is a one seeking relief pursuant to 28 U.S.C. § 2254, *see Biggins v. Carroll*,[1] C.A. No. 1988 (MN), and it provides the Court some guidance. Following a search, the Court discovered a 2001 Lexis opinion in this case (*see* 2001 U.S. Dist. Lexis ID case number Plaintiff provides as the case number) that states:

> Biggins' motion in limine [that] requests the court order that a Memorandum Opinion and Order from the United States District Court for the District of Maryland, dated March 1, 1999 be made a part of the record. The order dismisses Biggins' 42 U.S.C. § 1983 claim against Maryland District Court #2-3 and the Wicomico Detention Center. In that action, Biggins challenged, *inter alia*, the validity of his confinement under the IAD and his extradition to Delaware. This is also one of the grounds of his instant habeas petition.

*Biggins v. Snyder*, 2001 U.S. Dist. LEXIS 26722, at *2 (D. Del. Feb. 8, 2001).

4. Based upon the case description provided by Plaintiff in the instant motion (D.I. 76 ¶ 1), it is evident that Plaintiff seeks to reopen a case he filed in the United States District Court for the District of Maryland, not a § 1983 action he filed in this Court. *See Biggins v. Maryland District Court #2-3*, C.A. No. PJM-99-476 (D. Md. Apr. 21, 2016) at D.I. 10, providing a history that the Court dismissed this case without prejudice on March 5, 1999, upon finding plaintiff had failed to set out a damage claim for his 1996 arrest, detention and extradition proceedings in Wicomico County, Maryland pursuant to the state court's decisions to invoke the Interstate

---

[1] The case was filed against then warden Robert M. Snyder.

Agreement on Detainers and to order him detained in Maryland, pending extradition to Delaware and denying Plaintiff's subsequent motions to reinstate and for relief from judgment pursuant to Rule 60(b)(6). Accordingly, the motion to reopen will be denied.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge